UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUNE E. ADAMS IRREVOCABLE TRUST DATED 7/21/14 FBO EDWARD ROBERT ADAMS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　-against-<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION, VIRGINIA M. ROMETTY, MARTIN J. SCHROETER, JAMES J. KAVANAUGH and ARVIND KRISHNA,<br><br>　　　　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 22-cv-02831 (VB) |

**DEFENDANTS' NOTICE RELATED TO MOTIONS FOR
APPOINTMENT OF LEAD PLAINTIFF AND LEAD COUNSEL**

International Business Machines Corporation, Virginia M. Rometty, Martin Schroeter, James J. Kavanaugh, and Arvind Krishna (collectively, "Defendants") respectfully submit this Notice in connection with the pending motions for appointment of lead plaintiff and lead counsel, filed with the Court on June 6, 2022.

Defendants take no position on the pending motions for appointment, and reserve all rights to challenge any proposed class representative, if appropriate, at the class certification stage of these proceedings or other stage of these proceedings on a more developed record. As numerous courts have held, determinations at the lead plaintiff stage do not preclude later challenges under Federal Rule of Civil Procedure 23. *See, e.g.*, *Chauhan* v. *Intercept Pharms.*, No. 21-CV-00036 (LJL), 2021 WL 235890, at *3 (S.D.N.Y. Jan. 25, 2021) ("The Court's determination of adequacy and typicality for purposes of appointing a lead plaintiff is not preclusive of a later challenge at the class certification stage with respect to those factors.") (citing *Khunt* v. *Alibaba Grp. Holding Ltd.*, 102 F. Supp. 3d 523, 536 (S.D.N.Y. 2015)); *Mahapatra* v.

*Fuqi Int'l, Inc.*, No. 10 CIV. 2515 (DAB), 2010 WL 11575585, at *4 (S.D.N.Y. July 26, 2010) ("Any preliminary class certification findings of adequacy and typicality made at this time do not preclude a party from contesting the ultimate class certification."); *Ellenburg* v. *JA Solar Holdings Co. Ltd.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009) ("defendants may of course challenge at the class certification stage whether each of the requirements of Rule 23 has been established"); *Koppel* v. *4987 Corp.*, 1999 WL 608783, at *8 (S.D.N.Y. Aug. 11, 1999) (a finding of adequacy for purposes of appointment as lead plaintiff "does not prejudice defendants' capacity to contest plaintiff's adequacy on a motion for class certification"); *In re Star Gas Sec. Litig.*, 2005 WL 818617, at *7 (D. Conn. Apr. 8, 2005) (ruling on motions to appoint lead plaintiff, and observing that "the Rule 23 criteria will be more fully analyzed by the Court on a motion for class certification").

Dated: June 22, 2022
      New York, New York

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   /s/ Lorin L. Reisner
      Daniel J. Kramer
      Lorin L. Reisner
      Richard C. Tarlowe
      1285 Avenue of the Americas
      New York, New York 10019-6064
      (212) 373-3000 (telephone)
      (212) 373-2225 (facsimile)
      dkramer@paulweiss.com
      lreisner@paulweiss.com
      rtarlowe@paulweiss.com

*Attorneys for Defendants International Business Machines Corporation, Virginia M. Rometty, Martin Schroeter, James J. Kavanaugh, and Arvind Krishna*